IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BYRON BROWN,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>VULCAN LLC, VULCAN SPORTS &<br>ENTERTAINMENT LLC, and LANDMARK<br>EVENT STAFFING SERVICES, INC.,<br><br>　　　　　　Defendants. | Case No.: 3:23-cv-01408-AN<br><br>OPINION AND ORDER |

Plaintiff Byron Brown brings this action against defendants Vulcan LLC, Vulcan Sports & Entertainment LLC (collectively, "Vulcan"), Landmark Event Staffing Services, Inc. ("Landmark"), and John Doe[1], alleging violations of the Oregon Public Accommodations Act ("OPAA"), Oregon Revised Statue ("ORS") § 659a.403, and negligence. Vulcan moves to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). After reviewing the parties' pleadings, the Court finds that oral argument will not help resolve this matter. Local R. 7-1(d). For the reasons stated herein, Vulcan's motion is GRANTED.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim should be granted when the allegations do not "state a claim to relief that is plausible on its face." *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell &*

---

[1] John Doe has been identified as Charles Colbert, a resident of Oregon. After the case was removed to this Court and the present motion was filed, plaintiff moved to amend his complaint to name Colbert as a defendant. Mot. for Leave to File Am. Compl., ECF [18]. This Court denied plaintiff's motion for failing to establish compelling reasons supporting an amendment for joinder of a nondiverse party that would destroy diversity and divest the Court of subject-matter jurisdiction. Order, ECF [29]. John Doe will be referred to as Charles Colbert and removed as a defendant.

*Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (internal quotation marks omitted).

When evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *see Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). While the court must draw all reasonable inferences from the factual allegations in favor of the plaintiff, *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008), the court need not credit legal conclusions that are couched as factual allegations, *Iqbal*, 556 U.S. at 678-79.

## BACKGROUND

Plaintiff regularly purchases tickets from Ticketmaster and resells them at the Moda Center. Decl. of Nathan Morales in Supp. of Not. of Removal ("Morales Decl."), ECF [2], Ex. A ("Compl."), ¶ 5. On February 19, 2023, plaintiff was reselling tickets in a "designated area" when Charles Colbert ("Colbert"), an employee of Landmark[2], an entity that provides security services to the Moda Center, approached plaintiff. *Id.* ¶¶ 4, 6. Colbert allegedly told plaintiff to leave the area and go across the street. *Id.* Plaintiff responded that the area at which he stood was the designated area to buy and sell tickets. *Id.* ¶ 6. Colbert insisted that plaintiff go across the street. *Id.* Plaintiff asked Colbert to call his supervisor and to tell the supervisor where plaintiff was selling tickets. *Id.* ¶ 7. When plaintiff did not leave, Colbert allegedly told plaintiff, an African American man, that he did not deserve to be there and that he should "go back to the cotton fields." *Id.* Colbert repeated the racist remark and that was the end of their interaction. *Id.*

Plaintiff alleges that Vulcan is a holding company that manages the Moda Center and had control or a right to control the conduct of Colbert, acting as an agent of Vulcan. *Id.* ¶ 4. Plaintiff further

---

[2] Defendant Landmark does not join Vulcan's motion.

alleges that he is aware of Caucasian ticket resellers permitted to sell tickets in the "designated area." *Id.* ¶ 5. As result of this interaction, plaintiff alleges that he "suffers from feelings of embarrassment, frustration, anger, humiliation and a sense of increased vulnerability, and racial stigmatization." *Id.*

## DISCUSSION

A.     **Oregon Public Accommodations Act Claim**

Plaintiff brings a discrimination claim under the OPAA. The OPAA provides that "all persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, and privileges of any place of accommodation, without any distinction, discrimination or restriction on account of…race…" Or. Rev. Stat. § 659A.403(1). "It is an unlawful practice" to deprive an individual of those rights. Or. Rev. Stat. § 659A.403(3). OPAA defines a "place of public accommodation" as "any place or service offering to the public accommodations, advantages, facilities or privileges whether in the nature of goods, services, lodgings, amusements, transportation or otherwise." Or. Rev. Stat. § 659A.400(1)(A).

While its clear that the Moda Center itself is a place of public accommodation, s*ee Schwenk v. Boy Scouts of America*, 275 Or. 327, 335, 551 P.2d 465 (1976), the distinction between the building and the so called "designated area" outside the building is immaterial. The real issue before the Court is whether plaintiff can allege denial of full and equal access to the accommodations and services provided by defendants on the account of race, and in violation of ORS § 659A.403(1).

To proceed on a claim of racial discrimination under the OPAA, plaintiff must allege facts sufficient to show that defendants intended to deny African Americans full and equal access to the *accommodations* and *services* available at the Moda Center. *Harrington v. Airbnb, Inc.*, 348 F. Supp. 3d 1085, 1089 (D. Or. 2018) (emphasis added). Plaintiff, however, cannot meet this burden as Portland City Code ("PCC") § 14A.50.060 prohibits the reselling of tickets at the Moda Center. *See* PCC § 14A.50.060 ("It shall be unlawful for any person to sell or offer for sale any ticket for … any event at the Rose Garden Arena, at a price greater than the retail price printed thereon or at a price greater than the original retail price."). The Court infers from plaintiff's complaint that he was reselling tickets for profit in violation of

3

PCC § 14A.50.060. In turn, plaintiff cannot establish that he was denied services and accommodations that the Moda Center does not offer. Accordingly, plaintiff's discrimination claim under the OPAA as to Vulcan is dismissed.

Given plaintiff's failure to state a discrimination claim under the OPAA, the Court need not decide whether plaintiff sufficiently alleged that he was discriminated against.

**B.    Negligence Claim**

Plaintiff brings a negligence claim against Vulcan based on a theory of vicarious liability. Plaintiff alleges that Vulcan had control over Colbert and that he was the actual or apparent agent of Vulcan. Compl. ¶ 4. Plaintiff alleges that Colbert is an agent of Vulcan because Vulcan allegedly manages the Moda Center, and Landmark, the actual employer of Colbert, provides security services for the Moda Center. *Id.* ¶¶ 1, 2.

An individual must meet two requirements before a court will consider the person an agent of another: (1) the individual is subject to another's control; and (2) the individual acts on behalf of the other person. *Vaughn v. First Transit, Inc.*, 346 Or. 128, 136, 206 P.3d 181 (2009). "[T]he principal's 'control' over what the agent shall or shall not do is necessary for an agency relationship[.]" *Id.* However, an agency relationship does not result "when an individual (or entity) simply agrees to provide services for another, even if the other person—through contract—is able to establish general standards for performance and in that way 'control' the individual." *Id.*

Plaintiff fails to allege the extent of control, if any, Vulcan had over Colbert, an employee of Landmark. Plaintiff does not allege that Vulcan exercised or had control over Colbert's hiring, training, assignments, hours, wages, or conduct. Simply stating that Vulcan "had actual control or a right to control [Colbert]," Compl. ¶ 4, is not enough to establish an agency relationship. Accordingly, plaintiff's negligence claim against Vulcan is dismissed.

Because plaintiff has failed to allege an agency relationship with Vulcan, the Court declines to address whether plaintiff sufficiently alleged that Vulcan acted negligently and whether plaintiff is entitled to noneconomic damages under the "legally protected interest" exception to the physical impact

4

rule.

## CONCLUSION

For the foregoing reasons, Vulcan's Motion to Dismiss, ECF [8], is GRANTED. Plaintiff's claims against Vulcan are dismissed with leave to amend. In the event that plaintiff elects to file an amended complaint, he must do so within fourteen (14) days of this Order.

IT IS SO ORDERED.

DATED this 30th day of July, 2024.

_____
Adrienne Nelson
United States District Judge